Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
406-830-3085 fax
tim@bechtoldlaw.net

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| JESSIE JAMES-HAWLEY, Individually, and as Personal Representative of the Estate of Nykee Hawley, ) ) ) | CV |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff alleges as follows:

1.     Plaintiff Jessie James-Hawley is an enrolled tribal member, a citizen of the

State of Montana, and a resident of Blaine County, Montana.

2.   This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq.*, because the claim arises from conduct of federal government agents and Plaintiff has exhausted administrative remedies.

3.   This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

4.   Plaintiff filed Federal Tort Claim Act claims on May 18, 2017, and the Department of Health and Human Services received the claims on May 22, 2017. The government denied the claim on December 15, 2017, therefore Plaintiff's claims are now ripe for adjudication.

5.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b).

6.   On March 18, 2016 Nykee presented to the Ft. Belknap service unit of the Indian Health Service with chest pain. The IHS health care providers took an EKG which revealed an abnormal EKG.

7.   IHS then purported to refer Nykee to St. Vincent Hospital in Billings, Montana for a cardiac follow-up.

8.   The IHS health care providers never actually referred Nykee to St. Vincent.

9.   Instead, IHS attempted to have Medicaid deal with the cardiac referral.

10.   On April 8, 2016, Nykee went back to IHS seeking her cardiac referral, but IHSs failed to make the referral, and attempted to force the referral through Medicaid.

11.   Nykee died on May 15, 2016 without ever seeing a cardiologist.

12.   The failure of IHS health care providers to timely diagnose and treat Nykee's condition, or to refer Nykee to appropriate experts for care, was a violation of the standard of care. The failure to timely refer Nykee to cardiac specialists was a proximate cause of Nykee's death.

13.   IHS health care providers were negligent and violated the standard of care in failing to properly assess and refer Nykee to appropriate care upon her presentations to the IHS from March 18, 2016 through May 15, 2016.  The failure to assess, treat, and refer Nykee in a timely manner caused her condition to deteriorate.

14.   As a direct and proximate result of each of the acts and omissions of the IHS and IHS health care providers alleged in this Complaint, Nykee's health conditions were exacerbated, and she died of heart failure.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

1.   For judgment in such amounts as shall be proven at the time of trial.

2.   For an award of attorney's fees and costs as provided by any

applicable provision of law.

3.   For such other and further relief as the Court deems just and

equitable.

DATED this 2nd day of January, 2018.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC